UNITED STATED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOANNA PANOPOULOS,

    Plaintiff,

v.                                              CASE NO.: 8:13-cv-700-T-33TGW

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

Ms. Panopoulos alleges that Lexington Insurance Company failed to pay benefits due under an insurance policy. She seeks damages for breach of contract as well as a declaratory judgment. Lexington filed a Motion to Dismiss based on the arguments (1) that Ms. Panopoulos' lawsuit is based upon an assignment that was not authorized by Lexington and is therefore ineffective; and (2) that Ms. Panopoulos failed to join her husband, Mr. Vassilagoris, who Lexingon asserts is an indispensable party, pursuant to Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19. Upon review of the relevant Rules and other governing law, the Court denies Lexington's Motion to Dismiss in its entirety.

**I. Factual Background**

John Vassilagoris, husband to Plaintiff Joanna Panopoulos, purchased an insurance policy from Defendant Lexington Insurance

1

Company, which became effective on August 31, 2010 and provided a coverage period of one year (expiring on August 31, 2011)(hereafter, "the Policy"). (Doc. # 2-2 at 2). The Policy insured the homestead of Mr. Vassilagoris located at 10837 Skyhawk Drive, New Port Richey, Florida and provided coverage against, inter alia, sinkholes. (Doc. # 2 at ¶¶ 7-8); see also, (Doc. # 2-2 at 61) (under the heading Special Provisions – Florida, Section I – Perils Insured Against). On January 6, 2011, a sinkhole formed resulting in damage to the aforementioned insured property to such an extent so as to be considered a total constructive loss. (Doc. # 2 at ¶¶ 8-9). Then on November 16, 2012 – a year, ten months, and ten days after the sinkhole formed – Mr. Vassilagoris assigned all of his "right, title and interest in and to" the Policy to Ms. Panopoulos (hereafter, "the Assignment"). (Doc. # 2-1 at 2). However, the Policy contains an anti-assignment clause, which reads "Assignment of this policy will not be valid unless we give our written consent." (Doc. # 2-2 at 47). Notwithstanding this anti-assignment clause, Ms. Panopoulos maintains that all conditions of the Policy have either been met or have been waived, and that she filed a claim against the Policy for a covered loss. (Doc. # 2 at ¶¶ 12, 20). To date, Lexington has allegedly refused to tender certain benefits under the Policy. (Id. at ¶¶ 16, 21).

**II. Procedural History**

On February 11, 2013, Ms. Panopoulos filed a complaint against Lexington alleging a breach of contract claim for failure to pay all benefits due under the Policy and seeking declaratory relief in the Sixth Judicial Circuit for Pasco Country, Florida. (Doc. # 1-2). Lexington subsequently removed the case to this Court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a). (Doc. # 1). Diversity jurisdiction exists because Ms. Panopoulos is a citizen of Florida and Lexington is a corporate entity, which is incorporated in Delaware and has its principal place of business in Massachusetts; also, the amount in controversy exceeds the statutory minimum of $75,000.00. (Id. at ¶¶ 2-4).

On March 18, 2013, Ms. Panopoulos filed an Amended Complaint containing the same causes of action for breach of contract and for declaratory relief and attaching a copy of the Assignment and the Policy. (Doc. # 2). Lexington filed a Motion to Dismiss for failure to state a claim upon which relief may be granted due to an unauthorized assignment and for failure to join an indispensable party pursuant to Rules 12(b)(6) and 12(b)(7), respectively. (Doc. # 3). Ms. Panopoulos has responded to the Motion to Dismiss. (Doc. # 5).

### III. <u>Rule 12(b)(6) Legal Standard</u>

Rule 12(b)(6) allows for the dismissal of a case when the complaint fails to state a claim upon which relief may be granted and Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6), 8(a)(2). The Supreme Court interpreted these Rules in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), where Court held "a complaint . . . does not need detailed factual allegations . . . [, but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Furthermore, courts are to assume the veracity of the complaint's factual allegations, and inferences therefrom, "even if doubtful in fact." <u>Id.</u> at 555. Importantly, a motion to dismiss is not intended to test the merits of a case; rather such a motion tests if a plaintiff has stated a claim plausible on its face. <u>Aero Techs., LLC v. Lockton Co.'s Int'l, Ltd.</u>, No. 09-20610-CIV, 2011 WL 7657475, at *2 (S.D. Fla. Apr. 25, 2011) (citing <u>Twombly</u>, 550 U.S. at 570).

However, in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), the Court stated the aforementioned tenet does not apply to legal conclusions. <u>Iqbal</u> further established a two-pronged approach to determine the sufficiency of a complaint: "1) eliminate any

4

allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950). The Court continued on to state, "whether a complaint states a plausible claim to relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

**IV.  Motion to Dismiss Analysis**

Rather than testing the sufficiency of Ms. Panopoulos' Amended Complaint against the touchstone of Rule 12(b)(6), Lexington's motion to dismiss is predicated upon the argument that Ms. Panopoulos lacks standing to sue Lexington. Specifically, Lexington asserts that the Assignment is not valid based on the anti-assignment provision in the Policy. This argument is unavailing.

Florida Statute § 627.422 governs the assignability of insurance policies and states in pertinent part: "A policy may be assignable, or not assignable, as provided by its terms." Fla. Stat. § 627.422. Thus, an anti-assignment provision in an insurance policy would negate any *pre-loss* assignment outside

5

the terms of the insurance policy; however, such anti-assignment clauses do not affect *post-loss* assignments. Cont'l Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 377 n.7 (Fla. 2008) (stating "anti-assignment provisions do not apply to an assignment after loss"); see also, Lexington Ins. Co. v. Simkins Indus., Inc., 704 So. 2d 1384, 1386 n.3 (Fla. 1998) (noting that Lexington insurance company conceded that "an insured may assign insurance proceeds to a third party after a loss, even without the consent of the insurer") (citing Better Constr., Inc. v. Nat'l Union Fire Ins. Co., 651 So. 2d 141, 142 (Fla. 3d DCA 1995)); Int'l Sch.'s Servs., Inc. v. AAUG Ins. Co., Ltd., No. 10-62115-CIV, 2012 WL 5192265, at *10 (S.D. Fla. Jul. 25, 2012) (applying Florida law and holding that it is "a well-settled rule that the provision in a policy relative to consent of the insurer to transfer interest therein does not apply to an assignment after loss") (quoting W. Fla. Grocery Co. v. Teutonia Fire Ins. Co., 74 Fla. 220, 224 (Fla. 1918)).

In International Schools Services, the insurer argued the cause of action necessarily failed, because there was an anti-assignment clause in the insurance policy. 2012 WL 5192265, at *8-9. However, the assignment had occurred after the loss. Id. As such, the court rejected the insurer's argument by noting that by allowing for post-loss assignments, the insurer's liability is not affected at all; accordingly post-loss

6

assignments are not affected by anti-assignment clauses. Id. at *8-10.

In the instant case, the anti-assignment clause has no effect on the validity of the Assignment from Mr. Vassilagoris to Ms. Panopoulos because the Assignment occurred on November 11, 2012 – more than a year after the loss occurred. (Doc. ## 2-1, 2 at ¶ 8). Like in International Schools Services, where the court held the validity of a post-loss assignment to be unaffected by a policy's anti-assignment clause, here the same holds true: the Policy's anti-assignment clause is ineffectual vis-à-vis the Assignment, because the Assignment occurred more than a year after the covered loss. (Doc. ## 2 at ¶ 8, 2-1). Therefore, Ms. Panopoulos' claims survive Lexington's Motion to Dismiss to the extent Lexington challenges the Assignment because, under Florida law, post-loss assignments are not affected by an insurance policy's anti-assignment clause.

## V. Failure to Join – Lexington's 12(b)(7) Motion to Dismiss

Lexington next argues that dismissal is required because Mr. Vassilagoris is a necessary party and yet has not been joined. Rule 19 governs this portion of Lexington's Motion to Dismiss and states in part:

(a)  Persons Required to be Joined if Feasible.
     (1) *Required Party*. A person who is subject to service of
         process and whose joinder will not deprive the court of

7

>       subject matter jurisdiction must be joined as a party
>       if:
>        (A) in that person's absence, the court cannot accord
>            complete relief among existing parties; or
>        (B) that person claims an interest relating to the
>            subject of the action and is so situated that
>            disposing of the action in the person's absence
>            may:
>         (i) as a practical matter impair or impede the
>             person's ability to protect the interest; or
>         (ii) leave an existing party subject to a
>              substantial risk of incurring double, multiple
>              or otherwise inconsistent obligations because
>              of the interest.
>    (2) *Joinder by Court Order*. If a person has not been joined
>        as required, the court must order that the person be
>        made a party.
> . . . .
> (b) When Joinder is not Feasible. If a person who is required
> to be joined if feasible cannot be joined, the court must
> determine whether, in equity and good conscience, the action
> should proceed among the existing parties or should be
> dismissed. The factors for the court to consider include:
>    (1) the extent to which a judgment rendered in the person's
>        absence might prejudice that  person or the existing
>        parties;
>    (2) the extent to which any prejudice could be lessened or
>        avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
>    (3) whether a judgment rendered in the person's absence
>        would be adequate; and
>    (4) whether the plaintiff would have an adequate remedy if
>        the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19.

The Eleventh Circuit requires a court to first determine if a party should be joined (i.e. the party is necessary). Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1280 (11th Cir. 2003) (quoting Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 699 F.2d 667, 669 (11th Cir. 1982)). If

8

the party is necessary, but joinder would divest the court of jurisdiction, then a court is to apply the Rule 19(b) factors to determine if the litigation may continue. Id. Moreover, it is the burden of the movant to show the person to be joined is necessary or indispensable. BFI Waste Sys. of N. Am., Inc. v. Broward Cnty., 209 F.R.D. 509, 514 (S.D. Fla. 2002) (citing Ship Constr. & Funding Servs. (USA), Inc. v. Star Cruises PLC, 174 F. Supp. 2d 1320, 1325 (S.D. Fla. 2001)).

Lexington argues that Mr. Vassilagoris should be joined because Lexington could face multiple suits absent Mr. Vassilagoris' joinder. Lexington further asserts that Mr. Vassilagoris must be joined because this proceeding has the potential to affect his interests. In addressing Lexington's arguments, this Court is mindful that "pragmatic concerns, especially the effect on the parties and the litigation, control." Challenge Homes, 669 F.2d at 669. For the following reasons, this Court finds Lexington's arguments unpersuasive and denies Lexington's Motion to Dismiss for failure to join, pursuant to Rules 12(b)(7) and 19.

### A. Complete Relief absent Mr. Vassilagoris

The first question this Court must answer is whether it is possible to afford complete relief among the existing parties without the presence of Mr. Vassilagoris. Focus on the Family,

9

344 F.3d at 1280. For the following reasons, this question must be answered in the affirmative. Ms. Panopoulos has requested declaratory relief against Lexington and is seeking payment of the alleged benefits due under the Policy. (Doc. # 2 at ¶ 22). As discussed previously, Mr. Vassilagoris assigned "all right, title and interest in and to" the benefits due under the Policy. (Doc. # 2-1 at 2). Therefore, the only parties with interest in the disbursement of benefits allegedly due under the Policy are currently before the Court, and the joinder of Mr. Vassilagoris is unnecessary.

Lexington has failed to establish that Mr. Vassilagoris is a necessary or indispensable party. In Citizens Property Insurance Corp. v. Ifergane, Nos. 3D10-1195, 3D09-3293, 2012 WL 4010964, at *3-4 (Fla. 3d DCA Sept. 12, 2012), the court affirmed an order of the trial court dismissing an assignor from an insurance dispute. The policy in Ifergane contained an anti-assignment clause; nevertheless, the assignor transferred all interest in or to the policy, and benefits due thereunder, after a covered loss occurred. Id. at *1-2. The Ifergane court determined that the assignor, having transferred all rights and interest in or to the policy, was not - nor could the assignor ever be - a potential claimant under the policy. Id. at *4. In so holding, the Ifergane court distinguished the cases relied on by the insurance company. Id. at *4 (distinguishing, e.g.,

10

Bethel v. Sec. Nat'l Ins. Co., 949 So. 2d 219 (Fla. 3d DCA 2006) (holding that a co-insured, who did not assign their interest in a policy, was a necessary party)). Furthermore, in Challenge Homes the court determined that when "the only persons with any interest ... are before the court[,]" then complete relief can be granted. 669 F.2d at 670.

Like the assignor in Ifergane, who was not a necessary party in a suit seeking payment of the remainder of benefits due, Mr. Vassilagoris - who assigned all "right, title and interest in and to" the Policy - is not a necessary party under Rule 19. (Doc. # 2-1 at 2). Owing to the Assignment, Mr. Vassilagoris retains no right or interest in or to the Policy from which Ms. Panopoulos seeks payment. The only parties with any interest in the disbursement of benefits under the Policy - Ms. Panopoulos and Lexington - are currently before the Court and, as such, complete relief can be granted. Therefore, Lexington has failed to establish that complete relief cannot be granted absent Mr. Vassilagoris.

### B. Mr. Vassilagoris' Lack of Interest and Risk of Multiple Suits

In Continental Casualty Co., the Florida Supreme Court defined an assignment as being a complete transfer of the assignor's interest to the assignee, with the important effect

of divesting the latter of any right, interest, or claim in or to the interest so assigned. 974 So. 2d at 376. Indeed, after an assignment, "the assignee has obtained all rights to the thing assigned." Id. (quoting Price v. RLI Ins. Co., 914 So. 2d 1010, 1013-14 (Fla. 5th DCA 2005) (quoting Lauren Kyle Holdings, Inc. v. Heath-Peterson Const. Corp., 864 So. 2d 55, 58 (Fla. 5th DCA 2003)). As stated above, the court in Ifergane similarly held the absence of an assignor from a suit seeking declaratory relief did not subject the insurance company to multiple suits, because the assignor – having assigned all rights to the benefits under the policy – could not be a potential claimant under the policy. 2012 WL 4010964, at *4.

As in Continental Casualty Co., Price, and Lauren Kyle Holdings, where an assignment was deemed to divest the assignor of all rights and interests in or to the thing assigned, here Mr. Vassilagoris' assignment divested him of all rights and interest in the Policy. Moreover, as was the case in Ifergane, where the absence of an assignor from a suit seeking declaratory judgment did not subject the insurance company to the potential for multiple suits, here Mr. Vassilagoris' absence from the instant suit seeking declaratory judgment against Lexington does not subject Lexington to the potential for multiple suits; Mr. Vassilagoris, as an assignor, has divested himself of any rights and interests in or to the Policy. Therefore, this Court

12

determines that Lexington has failed to establish either that Mr. Vassilagoris retains any interest in the Policy or that Lexington would be subject to multiple suits due to Mr. Vassilagoris' absence. Accordingly, Lexington's Motion to Dismiss pursuant to Rules 12(b)(7) and 19 is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Lexington's Motion to Dismiss (Doc. # 3) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of June, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: all counsel of record